445 P.2d 769

**THATCHER CHEMICAL COMPANY, a partnership of Lawrence E. Thatcher and Winston T. Thatcher, Plaintiff and Appellant,**

**v.**

**SALT LAKE CITY CORPORATION, a municipal corporation, Defendant and Respondent.**

**No. 11197.**

Supreme Court of Utah.

Oct. 8, 1968.

8. Johnson v. Peoples Finance & Thrift Co., 2 Utah 2d 246, 250, 272 P.2d 171, 173 (1954).

**356**

Clyde, Mecham & Pratt, Frank J. Allen, Salt Lake City, for appellant.

Homer Holmgren, City Atty., Jack L. Crellin, Asst. City Atty., Salt Lake City, for respondent.

TUCKETT, Justice:

The plaintiff filed this action in the court below pursuant to the provisions of Sec. 78-33-2, U.C.A.1953, wherein it seeks to have the court determine that a contract existed between the plaintiff and Salt Lake City pertaining to the sale and purchase of alum for use by the City.

Prior to June 19, 1967, the City Purchasing Department had requested bids for the furnishing of 1,700,000 pounds of liquid alum and 200,000 pounds of dry alum for use by the City in its water treatment plants. The plaintiff submitted its bid for liquid alum in the sum of $56.99 per ton. When the bids were opened on June 19, 1967, the plaintiff was the low bidder. Thereafter on July 3, 1967, the City Pur-

chasing Office received from Wasatch Chemical Company an offer to furnish the liquid alum for the sum of $41 per ton. The Wasatch Chemical Company had submitted a bid pursuant to the City's invitation wherein it quoted a price of $64 per ton. The invitation for bids specified that the alum was to be delivered by the supplier during the period of July 1, 1967, to June 30, 1968. After July 1, 1967, the plaintiff made two shipments of liquid alum to the City's water treatment plants. Thereafter the City elected to purchase its supplies of alum for the period above specified from the Wasatch Chemical Company. The plaintiff was notified by the City officials of the lower quotation supplied by Wasatch Chemical Company, and after some discussion and negotiation between the plaintiff and the City officers and the Commissioner in charge of the Water Department, the City elected to cease calling upon the plaintiff for further supplies.

It is the plaintiff's contention that the City having invited proposals for the supplying of the material in question, and the plaintiff having submitted the low bid, and the City Purchasing Officer having informed the plaintiff at the time of the bid opening that it was apparently the low bidder and would probably be awarded the contract, was a sufficient offer and acceptance which resulted in a binding contract between the parties.

It should be noted that the state legislature has not seen fit to legislate upon this particular aspect of municipal affairs, and Salt Lake City has not seen fit by ordinance to provide for a system of competitive bidding for supplies or materials to be purchased by the City. The only provision of the ordinances of the City dealing with the subject matter is Sec. 25–15–5, which is as follows:

Soliciting proposals. The purchasing agent shall purchase all articles, as far as practicable, by soliciting proposals for the furnishing of all supplies used by the city in its several departments, and shall make contracts for and in behalf of the city for the purchase of all supplies.

Certain provisions contained in the instructions for bidders on the reverse side of the form furnished by the City might mislead one who might offer to furnish services or supplies to the City into believing that the person submitting the low bid would be entitled to a binding contract. Those provisions are in part as follows:

5. AWARD OF CONTRACT: (a) Contracts and purchases will be made or entered into with the responsible bidder making the lowest and/or best bid meeting specifications.

\* \* \* \* \* \*

(d) A written Purchase Order mailed, or otherwise furnished to the successful bidder within the time for acceptance specified in the bid results in a binding contract without action by either party * * *

During the time we are here concerned there was in effect Sec. 24–1–15 of the Ordinances of Salt Lake City which deals with the powers and the duties to be performed by the commissioners comprising the governing body of the City, as well as the limitations on said powers and duties. That part of the ordinance we are here concerned with provides as follows:

\* \* \* that no liability against Salt Lake City in excess of one hundred and fifty dollars shall be created by the commissioner of any statutory department without the sanction of the board of commissioners first had and obtained, \* \*.[1]

It would seem that the business practice of the City in the matter before us will result in a windfall or a saving to the City in the sum of approximately $13,000, nevertheless, it would seem that the general use of that practice would tend to discourage competitive bidding. The purpose of a system of competitive bidding tends to invite competition, to guard against favoritism, improvidence, extravagance, fraud and corruption in the awarding of municipal contracts, and to secure the best work or supplies at the lowest price practicable, and such a system is designed for the bene-

---

1. Sec. 24–1–15, Ordinances of Salt Lake City, Utah.

fit of the citizens and taxpayers and the public interest generally.[2]

One who deals with a municipal corporation does so at his peril.[3] He is presumed to know the municipal ordinances controlling the administration of public business and the limitations on the powers and authority of the City officers he is dealing with. Had the plaintiff in this case been prudent, it would have seen to it that its bid would result in a contract with the governing body of the City. In the absence of a requirement by statute or by ordinance, municipal contracts need not be let by competitive bidding.[4] Every person contracting with a municipal corporation, or one who proposes to enter into a contract with such corporation, is bound to take notice of the provisions of the city ordinances and any limitations therein contained.[5] In the case before us, while the plaintiff was misled into thinking that it had entered into a contract with the defendant, it was nevertheless charged with knowledge that the proposed contract was without binding effect until it was approved by the governing body of the City.

The judgment of the trial court is affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.

---

2. McQuillin, Municipal Corporations, 1966 Rev. Vol. 10, Sec. 29.29; Seysler v. Mowery, 29 Idaho 412, 160 P. 262; Bd. of Education of City of Asbury Park v. Hoek, 38 N.J. 213, 183 A.2d 633; Yohe v. City of Lower Burrell, 418 Pa. 23, 208 A.2d 847.

3. McQuillin, Municipal Corporations, 1966 Rev. Vol. 10, Sec. 29.28; City of Lubbock v. Geo. L. Simpson, (Tex.Civ.Appeals) 31 S.W.2d 665.

4. McQuillin, Municipal Corporations, 1966 Rev. Vol. 10, Sec. 29.31; Davis v. City of Santa Ana, 108 Cal.App.2d 669, 239 P.2d 656.

5. McQuillin, Municipal Corporations, 1966 Rev. Vol. 10, Sec. 29.04; City of Oakland v. Key System, 64 Cal.App.2d 427, 149 P.2d 195, p. 203.