CITY ELECTRIC, a Utah corporation,
Plaintiff and Respondent,

v.

DEAN EVANS CHRYSLER–PLYM-
OUTH, a Utah corporation,
Defendant and Appellant.

No. 18248.

Supreme Court of Utah.

Oct. 12, 1983.

Nick J. Colessides, Salt Lake City, for defendant and appellant.

Geoffrey Heath, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant appeals from a judgment in favor of plaintiff for amounts due and owing on open account.

Plaintiff is a supplier of electrical materials. Defendant is a corporation engaged in the sale of automobiles. At all times relevant herein Dean Evans was the president of the defendant corporation, Mike Evans was its assistant secretary, and Dave Sturgill was a car salesman in its employ. Sturgill previously had been an employee of plaintiff.

In September or October of 1978, Mike Evans and one Johnny Rider were talking about remodeling their restaurant known as "Johnny Rider's Backstage Restaurant." Sturgill was present and volunteered to contact plaintiff to see if it would give them a good price on material they needed. Sturgill contacted Don Hatch, plaintiff's inside sales manager, and told him that Mike and Johnny were involved in the restaurant and that they would be purchasing materials. He asked Hatch whether they could establish an account. He was trying to do his boss (Mike) a favor and wanted to know if plaintiff would give him fair prices. Sturgill did not represent to Hatch that defendant owned the Backstage Restaurant.

One day after the telephone conversation, the first order was placed with plaintiff. Hatch looked on the computer printouts for addresses and open accounts and found that defendant had an account with plaintiff. Materials were supplied to the Backstage Restaurant and billed to defendant. According to a penciled notation on the October 8 and October 9 invoices, payment on those first two invoices was made by someone in December of 1978. This suit was brought to collect outstanding sums totalling $2,332.70, and it was tried without a jury. At the end of the plaintiff's presentation, defendant moved to dismiss on the ground that plaintiff had failed to establish a prima facie case. The trial court denied that motion, defendant rested without calling any witnesses, and judgment was rendered in favor of the plaintiff.

Defendant assigns two points of error: (1) that plaintiff was barred from recovery by the statute of frauds because defendant's acts did not constitute an original promise to pay but was a promise to pay another's debt, and (2) that there was no apparent authority for the use of defendant's account by third parties, nor subsequent ratification of charges made. Defendant did not raise the statute of frauds defense at trial and we therefore decline to consider it. *Bangerter v. Poulton,* Utah, 663 P.2d 100 (1983) and cases there cited. The question of agency is dispositive.

It is well settled law that the apparent or ostensible authority of an agent can be inferred only from the acts and conduct of the principal. *Bank of Salt Lake v. Corporation of Pres. of Ch., etc.,* Utah, 534 P.2d 887 (1975). Where corporate liability is sought for acts of its agent under apparent authority, liability is premised upon the corporation's knowledge of and acquiescence in the conduct of its agent which has led third parties to rely upon the agent's actions. *Kiniski v. Archway Motel, Inc.,* Wash.App., 21 Wash.App. 555, 586 P.2d 502 (1978); Restatement, Agency 2d § 43. Nor is the authority of the agent "apparent" merely because it looks so to the person with whom he deals. *Id.* It is the principal who must cause third parties to believe that the agent is clothed with apparent authority. *Kuehn v. Kuehn,* Colo. App., 642 P.2d 524 (1981), reh. den. (1982). Cf. *Forsyth v. Pendleton,* Utah, 617 P.2d 358 (1980) where the referral by seller to her attorney of a letter written to her by buyers constituted an act sufficient to clothe the attorney with apparent authority to act for seller. It follows that one who deals exclusively with an agent has the responsibility to ascertain that agent's authority despite the agent's representations. *Bradshaw v. McBride,* Utah, 649 P.2d 74 (1982). Moreover, it has been held that apparent authority vanishes when the third party has actual knowledge of the real scope of the agent's authority. *Bank of Oregon v. Highway Products,* Or.App., 41 Or.App. 223, 598 P.2d 318 (1979).

The trial court found inter alia that:
6. Mike Evans instructed that the purchases were to be charged to defendant's account with plaintiff.

\*      \*      \*      \*      \*      \*

9. . . . Mr. Sturgill informed Mr. Hatch that he was acting on Mike Evans' directions, and informed him that the material purchased should be charged to defendant's account.

From those findings the court concluded that both Mike Evans and Sturgill had apparent authority to act on defendant's behalf and that defendant was therefore bound by the representations and actions of its agents which plaintiff relied upon.

■ Under the applicable standard of review this court will accord the findings of the trial court a presumption of validity and correctness so long as there is support for them in the evidence. *Young v. Moore,* Utah, 663 P.2d 78 (1983); *Hal Taylor Associates v. Unionamerica,* et al., Utah, 657 P.2d 743 (1982). That support is singularly absent in this case. None of the principals testified at trial so that knowledge of and acquiescence in Sturgill's conduct could not be ascertained from them. Sturgill's apparent authority was never established. His request for electrical materials for the remodeling of the restaurant fell wide of the mark of his scope of employment. He denied requesting that the defendant be charged for the materials, and Hatch did not claim that he did. However, even if he made such a request, as the trial court found, he had no apparent authority to do so. His own statement could not establish any authority in him.

■ Plaintiff's credit manager testified that all purchases made between October and December of 1978 were made out to Johnny Rider of the Backstage Restaurant and that none of the receipts was signed by anyone on behalf of the defendant. None of the materials were delivered to the defendant and most of them were picked up by workers involved with the remodeling. Hatch testified that Sturgill told him he was trying to do his boss (Mike Evans) a favor by getting him good prices. Hatch never talked to Mike, who he knew was a son of Dean Evans, and who he assumed had a management position with defendant. His only contact was with Sturgill, who he assumed had no management position with the defendant. Sturgill made no representation to Hatch that defendant owned the Backstage Restaurant and the only authority Hatch relied upon was Sturgill's telling him that Mike told Sturgill to call and arrange for the materials. When questioned whether he took credit information from Sturgill from which he could determine whether to extend credit, Hatch answered "No. I looked on our computer printout for addresses and open accounts, and Dean Evans Chrysler-Plymouth had an account with us." Hatch did not claim that plaintiff had an agreement with the defendant relating to the materials. Hatch's dealings were exclusively with Sturgill and on a matter unrelated to the business of the defendant. Whatever apparent authority Sturgill might have otherwise had vanished for that reason alone. "Unless otherwise agreed, general expressions used in authorizing an agent are limited in application to acts done in connection with the act or business to which the authority primarily relates." Restatement, Agency 2d § 37(1).

■ Plaintiff's argument that the contract was ratified by payments made of the October 8 and October 9 invoices fares no better. Plaintiff's exhibit offers no clue as to who paid them. A penciled notation "Paid in Dec 1978" does not rise to the level of ratification by defendant as required by law. Ratification is premised upon the knowledge of all material facts and upon an express or implied intention on the part of the principal to ratify. *Bradshaw v. McBride,* supra; *W.P. Harlin Const. Co. v. Continental Bk. & Trust Co.,* 23 Utah 2d 422, 464 P.2d 585 (1970). There is not a shred of evidence in the record that defendant paid the two mentioned invoices, nor is the court's statement that "everybody knew that Mike was connected" sufficient to impute knowledge of Sturgill's actions to the defendant, let alone an intent to subsequently ratify those actions.

The plaintiff failed to establish its case and it was error for the trial court to find in its favor. The judgment is reversed. Costs are awarded to defendant.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.