2014 UT App 98

**ZIONS GATE R.V. RESORT, LLC, Plaintiff, Appellee, and Cross-appellant,**

v.

**Michael Leroy OLIPHANT, Defendant, Appellant, and Cross-appellee.**

No. 20121093–CA.

Court of Appeals of Utah.

May 1, 2014.

Justin D. Heideman and Justin R. Elswick, for Appellant.

Heath H. Snow and Stephen R. Schwendiman, for Appellee.

Judge MICHELE M. CHRISTIANSEN authored this Opinion, in which Judge GREGORY K. ORME and Senior Judge JUDITH M. BILLINGS concurred.[1]

### Opinion

CHRISTIANSEN, Judge:

¶ 1 Michael LeRoy Oliphant appeals from the district court's denial of his request for attorney fees after the district court quieted title to certain real property in Oliphant for the term of a lease. Zions Gate R.V. Resort, LLC cross-appeals the district court's summary judgment ruling in favor of Oliphant on Zions Gate's challenge to the validity of that lease. We affirm in part, reverse in part, vacate in part, and remand to the district court.

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment as authorized by

### BACKGROUND

¶ 2 This case arises from a dispute over the validity of a ninety-nine-year lease between Zions Gate and Oliphant that conveyed rights to a recreational-vehicle pad and lot to Oliphant (the Lease). On June 1, 2007, Darcy Sorpold, a member and manager of Zions Gate, signed the Lease, purportedly on behalf of Zions Gate, as payment for work that Oliphant had performed at Sorpold's direction. On December 19, 2008, Zions Gate brought the present action against Oliphant for unlawful detainer of the leased premises, asserting that Oliphant was a tenant-at-will because the Lease was invalid. Zions Gate argued that the Lease was invalid because Sorpold had no authority to enter into the Lease without the consent of Dale Jones, Zions Gate's other manager. Oliphant brought a counterclaim asserting that the Lease was valid and requesting that title to the leased premises be quieted in him for the term of the Lease.

¶ 3 Oliphant moved for summary judgment, arguing that Sorpold had apparent authority to enter into the Lease or, if Sorpold lacked authority, that Jones and Zions Gate had subsequently ratified the Lease. Zions Gate also moved for summary judgment, arguing that Sorpold lacked authority to enter into the lease because Zions Gate's articles of organization (the Articles) expressly limited Sorpold's authority to unilaterally act on behalf of Zions Gate. The district court granted summary judgment in favor of Oliphant, and both parties appeal from parts of that judgment.

### ISSUES AND STANDARD OF REVIEW

■ ¶ 4 Zions Gate challenges the district court's conclusion that the Lease was valid and enforceable and the court's ruling in favor of Oliphant on the parties' cross-motions for summary judgment. We review the district court's legal conclusions and ultimate grant of summary judgment for correctness. *Orvis v. Johnson,* 2008 UT 2, ¶ 6, 177 P.3d 600.

law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

¶ 5 Oliphant appeals from the district court's denial of his request for attorney fees. However, we do not reach this issue due to our disposition of Zions Gate's appeal.

## ANALYSIS

### I. Validity of the Lease

■ ¶ 6 Zions Gate argues that the district court erred in concluding that the Lease was valid and enforceable, because the Articles required both Sorpold and the other manager, Jones, to consent to any act taken on Zions Gate's behalf. "[A]n agent cannot make its principal responsible for the agent's actions unless the agent is acting pursuant to either actual or apparent authority." *Zions First Nat'l Bank v. Clark Clinic Corp.*, 762 P.2d 1090, 1094 (Utah 1988). Based on the specific language in the Articles, the parties do not dispute that Sorpold lacked actual authority to bind Zions Gate to the Lease. Accordingly, we consider only whether Sorpold had authority under the Utah Revised Limited Liability Company Act (the Act),[2] whether he had apparent authority under common-law agency principles, or whether Zions Gate subsequently ratified Sorpold's otherwise unauthorized actions.

### A. Sorpold Did Not Have Statutory Authority to Enter into the Lease Without Jones's Consent.

■ ¶ 7 Zions Gate first argues that Sorpold had no authority under section 802 of the Act to bind Zions Gate to the Lease. "When interpreting a statute, ... [w]e employ plain language analysis to carry out the legislative purpose of the statute as expressed through the enacted text." *Richards v. Brown*, 2012 UT 14, ¶ 23, 274 P.3d 911 (citation omitted). Section 802 provides that for a manager-managed LLC,

> an act of a manager, including the signing of a document in the company name, for apparently carrying on in the ordinary course of the company business, ... binds the company unless the manager had no

authority to act for the company in the particular matter and the lack of authority was expressly described in the articles of organization or the person with whom the manager was dealing knew or otherwise had notice that the manager lacked authority.

Utah Code Ann. § 48–2c–802(2)(c) (Lexis-Nexis 2010). Zions Gate argues that the Articles expressly require the consent of both managers in order to bind the company and that Sorpold therefore lacked authority under section 802 to unilaterally enter into the Lease.

¶ 8 The Articles provide that Zions Gate "shall be managed by managers" and that Jones and Sorpold are the managers of the company. The Articles also state, "It shall require the agreement, approval or consent of both Managers to act on behalf of or to constitute the act of [Zions Gate]." This provision of the Articles expressly limits the authority of one manager to act unilaterally to bind the company or otherwise act on its behalf. Thus, Sorpold lacked authority to bind Zions Gate to the Lease without Jones's consent or approval, and the Articles expressly described this lack of authority.

¶ 9 Oliphant argues that a manager's act is ineffective to bind the company under section 802 only if the manager is "completely devoid of authority" and not merely limited in authority as Sorpold was here. Oliphant bases this argument on his reading of the statute as only limiting the effect of a manager's acts "when the manager had *no* authority to act for the company." However, the plain language of the statute provides that a manager's act is not binding when "the manager had no authority to act for the company in the particular matter," that is, when the manager lacked authority to bind the company through the act at issue. *See id.* And in this case, Sorpold had "no authority" to unilaterally bind Zions Gate to the Lease—an act that would require Jones's approval. We therefore conclude that Sorpold had no au-

---

2. The Utah Revised Limited Liability Company Act applies to all limited liability companies formed on or before December 31, 2013. Utah Code Ann. § 48–2c–100 (LexisNexis Supp.2013). Zions Gate was formed on December 20, 2004, and the Act therefore applies to this appeal. We cite the current edition of the Utah Code Annotated because the relevant provisions have not been amended since the events at issue occurred.

thority under section 802 to bind Zions Gate to the Lease.

### B. Sorpold Did Not Have Apparent Authority to Enter into the Lease Because Oliphant Had Notice of the Limitation on Sorpold's Authority.

¶ 10 Zions Gate claims that because Sorpold had no authority under section 802, the Lease is invalid and unenforceable. However, section 802 sets forth the circumstances in which authority to act on behalf of an LLC is presumed under the Act. The absence of authority under the Act does not preclude the possibility that authority exists under common-law agency principles. And Oliphant argues that Sorpold had apparent authority to enter into the Lease because he reasonably believed that Sorpold had authority to enter into the Lease, and he changed his position in reliance on that appearance of authority.

¶ 11 "Apparent authority exists where the conduct of the principal causes a third party to reasonably believe that someone has authority to act on the principal's behalf, and the third party relies on this appearance of authority and will suffer loss if an agency relationship is not found." *Hale v. Big H Constr., Inc.*, 2012 UT App 283, ¶ 64, 288 P.3d 1046. However, "[k]nowledge of an agent's lack of authority defeats a claim for apparent authority." *Horrocks v. Westfalia Systemat*, 892 P.2d 14, 16 n. 1 (Utah Ct.App. 1995) (citing Restatement (Second) of Agency § 166 (1958) ("A person with notice of a limitation of an agent's authority cannot subject the principal to liability upon a transaction with the agent if he should know that the agent is acting improperly.")).

¶ 12 Zions Gate argues that regardless of whether Oliphant had actual knowledge of the limitation on Sorpold's authority, Oliphant had notice of that limitation by operation of Utah Code section 48–2c–121. That section provides, "Articles of organization that have been filed with the [state division of corporations] constitute notice to third persons . . . of all statements set forth in the articles of organization that are . . . expressly permitted to be set forth in the articles of organization by [Utah Code section] 48–2c–403(4)." Utah Code Ann. § 48–2c–121(1) (LexisNexis 2010). And Utah Code section 48–2c–403(4) provides, in relevant part, "The articles of organization may contain any other provision not inconsistent with law, including . . . a statement of whether there are limitations on the authority of managers or members to bind the company and, if so, what the limitations are. . . ."

¶ 13 We conclude, in accordance with Utah Code section 48–2c–121, that the filing of the Articles with the state division of corporations, and the ready availability of the Articles to Oliphant by virtue of that filing, gave notice to Oliphant of the limitation on Sorpold's authority therein.[3] The limitation on Sorpold's authority was clearly set forth in the Articles as filed with the state. Because such limitations are expressly permitted by statute to be set forth in a company's articles of organization, the filing of the Articles constituted notice to third parties of the limitation. *See id.* § 48–2c–121(1). And because Oliphant had notice of the limitation on Sorpold's authority, he neither had "reason to believe" that Sorpold possessed the authority to unilaterally enter into the Lease, nor was his reliance on any perceived authority reasonable under these circumstances. *See Luddington v. Bodenvest Ltd.*, 855 P.2d 204, 209–10 (Utah 1993). Accordingly, Oliphant's claim that Sorpold had apparent authority to enter into the Lease fails.

¶ 14 Oliphant argues that it is unreasonable and unrealistic to expect individuals or companies entering into an agreement with an LLC to acquire the articles of organization for that LLC to determine if the signatory to an agreement is authorized to enter into that agreement on behalf of the LLC. However, "one who deals exclusively with an agent has the responsibility to ascertain that agent's authority despite the agent's representations." *Zions First Nat'l Bank v.*

---

**3.** The division of corporations is required to make all filings required by the Act available for inspection and copying upon request and the payment of a reasonable fee by any member of the public. Utah Code Ann. § 48–2c–202 (LexisNexis 2010). Thus, the articles of organization for Zions Gate were readily available to Oliphant for inspection.

*Clark Clinic Corp.*, 762 P.2d 1090, 1095 (Utah 1988) (citation and internal quotation marks omitted). Like a corporation, an LLC can act only through its agents. *Cf. Orlob v. Wasatch Mgmt.*, 2001 UT App 287, ¶ 18, 33 P.3d 1078. And the Act clearly establishes that by filing the Articles with the state, Zions Gate gave notice to all third parties of the limitations placed on the authority of its managers. Thus, the law imposed on Oliphant the obligation to ascertain whether Sorpold had authority to enter into the Lease—including obtaining a copy of the Articles from the state if necessary. And while Oliphant may believe the law imposes an unrealistic burden on those doing business with LLCs, it is not the prerogative of this court to question the wisdom of the statutory scheme enacted by the legislature. *See Gottling v. P.R. Inc.*, 2002 UT 95, ¶ 23, 61 P.3d 989.

¶ 15 Accordingly, we determine that Oliphant had notice of the restriction on Sorpold's authority as set forth in the Articles filed with the state. Oliphant thus could not reasonably believe that Sorpold had authority to unilaterally enter into the lease or reasonably rely on any perceived authority. *See Luddington*, 855 P.2d at 210. We therefore conclude that Sorpold lacked apparent authority to bind Zions Gate to the Lease.

C. Summary Judgment Is Not Appropriate Because There Remain Issues of Disputed Fact Material to Ratification.

¶ 16 Our determination that Sorpold had no authority to enter into the Lease does not, however, conclusively establish the invalidity of the Lease. "A principal may impliedly or expressly ratify an agreement made by an unauthorized agent." *Zions First*, 762 P.2d at 1098 (citation and internal quotation marks omitted). "Ratification is premised upon the knowledge of all material facts and upon an express or implied intention on the part of the principal to ratify." *City Elec. v. Dean Evans Chrysler–Plymouth*, 672 P.2d 89, 91 (Utah 1983). An intention to ratify may be implied from the principal's failure to disaffirm the agent's acts or the principal's retention of the fruits of a contract. *See Bullock v. Department of*

*Transp.*, 966 P.2d 1215, 1219–20 (Utah Ct. App.1998). While the district court did not base its ruling on ratification of the Lease, Oliphant asks us to affirm on this alternative ground.

¶ 17 Oliphant argues that even if Sorpold initially lacked authority to enter into the lease, Zions Gate ratified the lease by failing to timely object to Sorpold's unauthorized act. A principal's intent to ratify may be found "under circumstances of acquiescence or where a duty to disaffirm is not promptly exercised," so long as the principal had "full knowledge of all the material facts." *Zions First*, 762 P.2d at 1098 (citations and internal quotation marks omitted). In other words, an intent to ratify may be implied where the principal knows that another has purported to act as its agent and the principal fails to object within a reasonable time. *See Moses v. Archie McFarland & Son*, 119 Utah 602, 230 P.2d 571, 574–75 (1951); *Moran v. Knights of Columbus*, 46 Utah 397, 151 P. 353, 360 (1915); *cf. Hatch v. Lucky Bill Mining Co.*, 25 Utah 405, 71 P. 865, 866 (1903) (explaining that a stockholder who does not intend to ratify unauthorized acts by a corporation must act to disaffirm "within a reasonable time after he learns of the injury done [to] him").

¶ 18 Here, we conclude that there remain disputed issues of material fact relating to ratification that make summary judgment on the issue of the validity of the Lease inappropriate. The parties dispute when Zions Gate had knowledge that Sorpold had entered into the Lease without authority to do so. Generally, an agent's knowledge is imputed to the principal so long as the agent obtained such knowledge within the scope of his authority. *Wardley Better Homes & Gardens v. Cannon*, 2002 UT 99, ¶ 19, 61 P.3d 1009. However, "[i]mputing the knowledge of an unauthorized or unfaithful agent to her principal for purposes of demonstrating his knowledge of her acts would nullify the knowledge requirement." *Franklin Credit Mgmt. Corp. v. Hanney*, 2011 UT App 213, ¶ 36, 262 P.3d 406. Because we have determined that Sorpold acted outside the scope of his authority in entering into the lease, *see supra* ¶¶ 9, 13, Zions Gate cannot

be charged with Sorpold's knowledge of his unauthorized acts in June 2007 simply because Sorpold was aware of his own acts.

¶ 19 The only evidence in the record relevant to Zions Gate's knowledge of Sorpold's acts are averments by Jones that he learned of the unauthorized Lease only "after Mr. Sorpold was deported to Canada" "some time in the early part of 2008." While Oliphant argues that Sorpold signed other leases during the same time period as the Lease and that Jones and Zions Gate therefore should have been aware that "someone was signing leases with the incoming tenants," Oliphant has not identified any evidence in the record showing that Jones or Zions Gate were aware that Sorpold had entered into this particular lease at that time. Accordingly, it is unclear precisely when Zions Gate had knowledge of Sorpold's unauthorized acts—a fact that is highly relevant to a determination of whether Zions Gate acted to repudiate those acts within a reasonable time. The record on this issue is therefore not sufficiently developed to determine as a matter of law whether Zions Gate ratified the Lease.

¶ 20 Moreover, the ultimate determination of whether Zions Gate disaffirmed Sorpold's actions within a reasonable time itself presents an issue of fact, rather than a legal question appropriate for decision on summary judgment. "The question as to what is a reasonable time cannot be decided by the application of purely legal principles, but must necessarily be determined by the particular facts and circumstances of each case." *Hatch*, 71 P. at 866; *accord Theis v. duPont, Glore Forgan Inc.*, 212 Kan. 301, 510 P.2d 1212, 1216 (1973) ("Whether there has been a repudiation within a reasonable time is a question of fact...."). While summary judgment may be appropriate in a case with undisputed and unequivocal facts such that a reasonable jury could only come to one conclusion, *see Arnold v. All Am. Assurance Co.*, 255 Ark. 275, 499 S.W.2d 861, 866 (1973), this is not such a case. Accordingly, we conclude that the trial court incorrectly granted summary judgment in this case. We reverse the district court's grant of Oliphant's motion for summary judgment and affirm the district court's denial of Zions Gate's motion for summary judgment.

¶ 21 Because the issue is likely to arise on remand, *see Wilson v. IHC Hosps., Inc.*, 2012 UT 43, ¶ 19, 289 P.3d 369, we note that "the Utah statute of frauds requires that any agent executing an agreement conveying an interest in land on behalf of his principal must be authorized in writing," and "[w]here the law requires the authority to be given in writing, the ratification must also generally be in writing," *Bradshaw v. McBride*, 649 P.2d 74, 78, 79 (Utah 1982). However, because neither party addressed this issue below, the record before us is not adequately developed for this court to consider the effect of this rule without further proceedings in the district court.

## II. Remaining Issues

¶ 22 The district court's rulings on the issues of attorney fees and quiet title are premised on its determination that the Lease was valid and enforceable. Because we conclude that summary judgment on the validity of the Lease was incorrectly granted, the district court's rulings on the remaining issues are premature. Accordingly, we vacate the remainder of the district court's order and remand for further proceedings.

## CONCLUSION

¶ 23 Sorpold had neither statutory authority nor common-law apparent authority to enter into the Lease. However, disputed issues of fact material to the question of ratification preclude the entry of summary judgment on the validity of the Lease. Accordingly, we affirm the denial of Zions Gate's motion for summary judgment, reverse the grant of Oliphant's motion for summary judgment, vacate the remainder of the district court's order, and remand for further proceedings consistent with this opinion.